No. 537

First Circuit

HERNANDEZ v. LYONS ET AL.

(March 5, 1930. Opinion and Decree.)

**548**

P. L. Ferguson, of Leesville, attorney for plaintiff, appellant.

S. I. Foster and A. B. Cavanaugh, of Leesville, attorneys for defendants, appellees.

LEBLANC, J. Plaintiff, Peter F. Hernandez, brought this suit for damages for physical injuries which he claims to have suffered by reason of having been run over by a Ford truck which was being driven by one of the defendants, Charnel Johnson.

Benson Lyons had also been made defendant on the theory that the truck belonged to him and Johnson jointly, and that it was being used for their joint business and interest on the morning of the alleged accident. On the day the case was tried, however, counsel for plaintiff moved for a dismissal of the suit as against Lyons, and Johnson remained as the sole defendant.

Plaintiff's demand was for a judgment in the sum of $2,136.20, which the lower court rejected.

The evidence discloses the following facts: On the morning of December 24, 1927, the defendant Johnson had driven to the town of Leesville in the Ford truck, to meet his nephew, Thurston Johnson, who was waiting for him at a cafe. They seem not to have lost any time in leaving, and, as they did, drove out by way of West First street, which is paved. It was approximately 6:30 o'clock, not yet daylight, and there was frost on the pavement. At a point about thirty-two feet from the intersection of Texas avenue with West First street, the truck ran into the plaintiff. He was struck by the right front portion of the car, was dragged several feet, and, when it was brought to a stop, one of his legs was pinned under the right front wheel.

The plaintiff charges the defendant with negligence in driving the truck on the left-hand side of the street in violation of a city ordinance, in operating it without lights, and at a reckless and excessive rate of speed. The proof fails to sustain any of these charges.

There were only three eyewitnesses who testified. A fourth, referred to as "Uncle Bill" Maddox, had died before the trial. Of the three who testified, one was the plaintiff, and the two others the defendant and his nephew who was with him in the truck. These two testified that the truck was traveling at a rate of not more than fifteen miles an hour, with headlights burning; that, on arriving near the intersection of Texas avenue, they saw the plaintiff and Maddox about fifty feet ahead of

them on their right, walking along side by side, one on the narrow footpath along the paved road and the other on the edge of the road itself; that, at a point about fifteen feet from the corner at the intersection of Texas avenue, the plaintiff suddenly turned into the street and started to cross diagonally over to another path on the other side of the street which led to the Kansas City railroad shop where he was employed; that at the moment he started to cross over, the truck was within six or eight feet of him, and, though the defendant applied the brakes, swerved the car to the left, and did everything possible, he could not avert the accident.

We find nothing in the record which contradicts this evidence except the testimony of the plaintiff. His main contention seems to be that he was struck when he was within two feet of having reached the other side of the paved street, and that, to have run into him at that point, defendant necessarily had to be driving on the left side of the street. In support of this he produced a witness who testified that, about one hour after the accident, he picked up the plaintiff's eyeglasses near the east or left edge of the street and saw evidence of something having been dragged along on that side for about thirty-two feet.

As against the positive testimony of the two occupants of the car that plaintiff was struck near the center of the street, a bit over the left of the center; the fact that he was struck by the front right-hand portion of the truck, which is seven feet wide, and his leg was pinned under the right front wheel when it was brought to a stop; and the fact also that the street was slippery from the frost that was on it and there must have been some skidding of the car on the application of the brakes, the

testimony of this last witness has not much value as corroborative proof.

Plaintiff's testimony of itself is not sufficient to sustain his claim.

We are inclined to believe that it was his own carelessness, as he seems to have admitted to other witnesses who testified, that was the cause of the accident and his injuries that resulted therefrom.

We are of the opinion that the district judge has correctly decided the issue of fact which was the only one presented in the case, and his judgment is accordingly affirmed.

LECHE, J., not participating.